```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                    *
INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA, et al.            *

     Plaintiffs,                    *

v.                                  *     CIVIL NO.: WDQ-06-0422

THE UNITED STATES OF AMERICA        *

     Defendant.                     *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Indemnity Insurance Company of North America, the Continental Insurance Company, Baltimore Harbor Shuttle, LLC (d/b/a "Seaport Taxi"), National Historic Seaport of Baltimore, Inc., and Living Classrooms Foundation, Inc., have sued the United States under the Suits in Admiralty Act, 46 U.S.C. app. §§ 741-752, and the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, for negligence, negligent performance of an undertaking to render services, negligent misrepresentation, contribution, indemnity, and equitable subrogation.  Pending is the Plaintiffs' motion for partial summary judgment.  For the following reasons, the motion will be denied.

I.   Background

This action arises from the sinking of the merchant vessel *Lady D* in the Baltimore harbor during a storm on March 6, 2004.

1

Five passengers died, other passengers and crew were injured, and the vessel was damaged. Compl. ¶ 1. The owners and operators of the *Lady D*--who, with their insurers, are the Plaintiffs in this suit--filed an action in this Court under the Limitation of Liability Act, 46 U.S.C. app. §§ 181-196, and settled the injury and death claims from the accident. *Id*.

This suit seeks recovery for the settlement payments, compensation for damage to the *Lady D*, and fees and costs for both suits. The Plaintiffs allege that the United States Coast Guard's certification of the vessel grossly overstated the *Lady D's* carrying capacity, causing the unstable overloaded condition that allowed the *Lady D* to capsize in the storm.

The United States asserts that the Court lacks subject matter jurisdiction because the Coast Guard's decision to certify the *Lady D's* carrying capacity without performing a stability test on the vessel is protected by the discretionary function exception to the United States' waiver of immunity under the FTCA. Answer ¶ 117.

The Plaintiffs now move for partial summary judgment "on the inapplicability of the discretionary function exception as to incorrect vessel stability testing by the United States Coast Guard." Pls.' Mot. for Summ. J. 1.

2

II.  Discussion

A.  Partial Summary Judgment under Federal Rule of Civil Procedure 56

Under Federal Rule of Civil Procedure ("Rule") 56(a), a claimant may move "for a summary judgment in the party's favor upon all or any part" of "a claim, counterclaim, or cross-claim or to obtain a declaratory judgment."  Fed. R. Civ. P. 56(a).  Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

If a motion for summary judgment under Rule 56(a) or (b) is denied and a trial is necessary, Rule 56(d) allows the court, "if practicable . . . [to] make an order specifying the facts that appear without substantial controversy . . . and directing such further proceedings in the action as are just."  Fed. R. Civ. P. 56(d).  Such an order is frequently referred to as one for "partial summary judgment"--a confusing term, as such an order is interlocutory--modifiable by the court before final judgment--whereas "judgment" is "any order from which an appeal lies."  Fed. R. Civ. P. 54(a); *Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 515 (4th Cir. 2003); 1948 Advisory Committee Note to Rule 56(d).

3

B.  Claimants' Motions for Partial Summary Judgment on
    Affirmative Defenses

Although Wright & Miller acknowledge that "Rule 56(d) refers only to a motion directed toward 'all or any part' of 'a claim,'" they argue that partial summary judgment on a defense should be permitted if it "would serve a useful purpose and remove any prejudice that [the claimant] otherwise might suffer if the issue were presented to the jury."  10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* ("Wright & Miller") § 2737 (3d ed. 2006) (*quoting* Fed. R. Civ. P. 56(a)).  The authors assert that although a few courts have ruled that Rule 12(f)'s provision for motions to strike "any insufficient defense" is the proper procedure, Rule 56 is "the better approach" because Rule 12 limits the court's consideration to matters within the pleadings.  *Id.*; Fed. R. Civ. P. 12(f).  Several courts have followed Wright & Miller's interpretation of Rule 56.  *E.g. Int'l Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 944 F. Supp. 886, 891 (M.D. Fla. 1996); *Sterling Bank v. Sterling Bank & Trust*, 928 F. Supp. 1014, 1018 (C.D. Cal. 1996); *URI Cogeneration Partners, L.P. v. Board of Governors for Higher Educ.*, 915 F. Supp. 1267, 1279 (D.R.I. 1996).

These decisions ignore Rule 56(a)'s clear limitation to motions for judgment on claims or for declaratory relief.  Fed. R. Civ. P. 56(a).  Although a defense may be a basis for judgment

4

on a claim under Rule 56(b), Rule 56(a) does not contemplate a claimant's motion to bar a non-movant's defense.  The "all or any part" language in Rule 56(a) only permits claimants to move for "summary judgment with respect to all claims in an action or only some claims in a multiple claim action."  *Felix v. Sun Microsystems, Inc.*, 2004 WL 911303, *7 (D. Md. 2004) (*citing City of Wichita v. United States Gypsum Co.*, 828 F. Supp. 851, 869 (D. Kan. 1993), *rev'd in part on other grounds,* 72 F.3d 1491 (10th Cir. 1996); *Arado v. Gen. Fire Extinguisher Corp.*, 626 F. Supp. 506, 509 (N.D. Ill. 1985)).  Further, Rule 56(d) does not authorize motions for "partial summary judgment" not permitted under Rule 56(a); "Rule 56(d) is merely a mechanism [for the court] to salvage some of the constructive results of the judicial efforts made in denying a *proper* summary judgment motion."  *Id.* (*citing Nye v. Roberts*, 159 F. Supp. 2d 207, 210 (D. Md. 2001) *vacated and remanded on other grounds*, 47 F. App'x 1 (4th Cir. 2002); *City of Wichita*, 828 F. Supp. at 869; *Arado,* 626 F. Supp. at 509) (emphasis added).

    The Plaintiffs' motion for partial summary judgment on the United States' discretionary-function-exemption defense fails as an inappropriate use of Rule 56.

C.  Striking a Defense as Insufficient under Rule 12(f)

An affirmative defense may be stricken under Rule 12(f). Had the Plaintiffs filed a motion to strike, it may have been untimely because it was not made within 20 days after service of the Answer.  But Rule 12(f) provides that the Court, upon its own initiative at any time," may "order stricken from any pleading any insufficient defense."  Fed. R. Civ. P. 12(f).

As the parties have expended considerable effort in briefing the discretionary function issue, the Court will consider, on its own initiative, whether to strike the discretionary-function-exemption defense.

1.  Standard of Review

A court should only strike a defense if its insufficiency is "clearly apparent."  *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986); Wright & Miller § 1381.  A defense should not, then, be stricken if its sufficiency depends on "'disputed issues of fact or unclear questions of law.'"  *Nat'l Credit Union Admin. v. First Union Capital Markets Corp.*, 189 F.R.D. 158, 163 (D. Md. 1999) *(quoting U. S. v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989)).

2.  The Discretionary Function Exception

The discretionary function exception limits the United States' waiver of immunity under the FTCA.  28 U.S.C. § 2680 provides:

> The provisions of [the FTCA] shall not apply to--
>
> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or *based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.*

28 U.S.C. § 2680 (emphasis added).  The Suits in Admiralty Act includes a discretionary function exception to its waiver of sovereign immunity tantamount to that codified in the FTCA. *McMellon v. U. S.,* 387 F.3d 329, 349 (4th Cir. 2004).

To qualify as a discretionary function, the conduct must involve: (1) "an element of judgment or choice;" and (2) "considerations of public policy."  *U.S. v. Gaubert*, 499 U.S. 315, 322-23 (1991); *Berkovitz by Berkovitz v. U.S.,* 486 U.S. 531, 536-37 (1988).


3.  Analysis

The Plaintiffs base their claims, *inter alia*, on allegations that the Coast Guard: (1) negligently waived required stability tests for the *Lady D* and another merchant vessel, the *Raven*; and (2) applied the wrong procedure in conducting the stability test

7

on the merchant vessel *Fells Point Princess*, on which the Coast Guard allegedly based its carrying capacity certification for the *Raven* and, ultimately, the *Lady D.* Compl. ¶¶ 46-60.

The Coast Guard argues that no statute, regulation, or policy mandated that a stability test be done on the *Lady D*, and that the decision to inspect involves such policy considerations as the allocation of scarce government resources; thus the Officer in Charge of Marine Inspection for Baltimore's (the "OCMI") decision to waive the stability test on the *Lady D* is protected by the discretionary function exception.

The Plaintiffs contend that the issue is not whether the OCMI had discretion to decide whether to conduct the tests, but whether the inspector who conducted the test of the *Fells Point Princess* had the discretion to apply the wrong test procedures, which ultimately caused an overstated carrying capacity for the *Lady D*. Thus the Plaintiffs do not contest the sufficiency of the defense against allegations that the OCMI negligently waived the tests on the *Lady D* and *Raven*; rather, they contest the defense's relevance to the performance of the stability test on the *Fells Point Princess*.

Although the defense may not protect the Defendant's application of the wrong stability testing procedures, the defense may be sufficient against the allegation that the Coast Guard negligently failed to test the *Lady D*. Accordingly,

8

striking the defense would be inappropriate at this time.

III.  Conclusion

For the reasons stated above, the Plaintiffs' motion for partial summary judgment will be denied.


January 10, 2007                        /s/
Date                            William D. Quarles, Jr.
                                United States District Judge